# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2025

Lyle W. Cayce
Clerk

No. 24-60222
consolidated with
No. 24-60352

ANR Pipeline Company,

*Petitioner*,

*versus*

Federal Energy Regulatory Commission,

*Respondents*.

_____

Appeal from the Federal Energy Regulatory Commission
Agency Nos. 186 FERC 61,168,
188 FERC 61,027

_____

Before Higginson, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Shippers who wish to use natural gas pipelines such as those of the ANR Pipeline Company must deliver the gas to one end as well as take gas at the other end. This case concerns whether certain shippers must give and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

24-60222
c/w No. 24-60352

take gas simultaneously—not just during general shipments, but even when it comes to shipments purchased with short notice.

ANR contends that simultaneous delivery, even for short notice shipments, is indeed what is required by its tariff—the document filed with the Federal Energy Regulatory Commission that sets forth ANR's terms of service.

FERC rejected ANR's position. The Commission found that, in short notice shipments, delivery of gas could occur after those shippers had taken from the pipeline.

We agree with the Commission and accordingly deny ANR's petitions for review.

## I.

ANR's FTS-3 tariff sets terms for non-interruptible deliveries of gas at varying hourly speeds. The general terms in Section 6.6 of FTS-3 establish the process by which shippers nominate gas for delivery to ANR. Relevant here, Section 6.6.3 establishes that a shipper "will not have the right to receive quantities of Gas that it has not simultaneously nominated and delivered to" ANR.

Apart from the general terms, FTS-3 shippers can pay for an enhancement guaranteeing them Short-Notice Service, the right to flow gas on two hours' notice. The provision covering Short-Notice Service, Section 5.5.4, still requires "[s]hippers . . . to provide a nomination consistent with Section 6.6 of the . . . Tariff." But unlike Section 6.6.3, the Section 5.5.4 provisions covering Short-Notice Service are silent on delivery.

Not surprisingly, then, until this dispute, ANR "never" required Short-Notice shippers to simultaneously deliver gas as they were flowing it themselves. According to FERC, "during two decades of providing Short-

24-60222
c/w No. 24-60352

Notice Service, ANR never required Short-Notice shippers to nominate and supply gas prior to start-up." And ANR agreed at argument that "within this record, . . . the only instance" in which it required such simultaneous delivery is the one at issue in this case.

ANR abruptly departed from this longstanding practice during Winter Storm Elliott in 2022. As the storm stressed its operations, ANR announced it would require simultaneous delivery for Short-Notice shippers to flow gas. So when Short-Notice shipper LS Power started flowing gas to one of its Illinois power plants, ANR cut them off because it was not providing simultaneous delivery.

LS Power subsequently petitioned FERC for a declaratory order stating simultaneous delivery was not required for Short-Notice shippers. ANR intervened to seek dismissal. FERC agreed with LS Power. ANR sought rehearing, but the Commission reaffirmed its interpretation of the tariff. ANR now petitions us for review.

## II.

We review FERC orders under an arbitrary and capricious standard. *See Gulf States Utils. Co. v. FERC*, 1 F.3d 288, 291 (5th Cir. 1993). But in so doing we "review the construction of natural gas contracts freely." *Tennessee Gas Pipeline Co. v. FERC*, 17 F.3d 98, 102 (5th Cir. 1994). And the tariff itself is to be interpreted under Texas law.

Under Texas law, a contract is ambiguous when it can be "subject to two or more reasonable interpretations after applying the pertinent rules of construction." *King v. Baylor Univ.*, 46 F.4th 344, 362 (5th Cir. 2022).

ANR claims that the tariff is unambiguous and requires simultaneous delivery consistent with Section 6.6.3 of the tariff. But the plain text of Section 5.5.4 requires only a "*nomination* consistent with Section 6.6" of the

tariff.  Section 6.6 discusses not only nomination, but also delivery and receipt.  And at oral argument, counsel for ANR conceded that, for example, some Short-Notice shippers are permitted to "not follow[] [Section] 6.6.2." We hold that the tariff by its own text is ambiguous as to whether and which provisions of Section 6.6 apply to Short-Notice shippers, and we must therefore determine which interpretation of the tariff is superior.

And ANR's undisputed decades-long course of dealings confirms that FERC's interpretation is superior.  Until Winter Storm Elliott, ANR never required simultaneous delivery for Short-Notice shippers.  This "course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement." *Univ. of Texas Sys. v. United States*, 759 F.3d 437, 445 (5th Cir. 2014) (quoting Restatement (Second) of Contracts § 202(4)).  And ANR has no extrinsic evidence of its own sufficient to counter the great weight of its prior dealings.

\* \* \*

We accordingly deny ANR's petitions for review.

4